UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE WEBER MARINE, LLC                    CIVIL ACTION

                                           NO: 14-1656

                                           SECTION: "A" (4)

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 23)** filed by Paul Perrier, Sr., et al., and a **Motion for Partial Summary Judgment (Rec. Doc. 13)** filed by Cooper/T. Smith Stevedoring Co. Both motions are opposed. The motions, noticed for submission on June 17, 2015, are before the Court on the briefs without oral argument.

On February 5, 2014, the Perrier plaintiffs (collectively "Perrier") filed suit in state court (23rd JDC, St. James Parish) to recover for injuries that Paul Perrier, Sr. allegedly sustained when he fell from a crew boat owned by Weber Marine. That incident involving Weber Marine's vessel is alleged to have occurred on November 11, 2012. In the same petition, Perrier joined a Jones Act claim against his employer, Cooper/T. Smith, for an <u>unrelated</u> incident that occurred on January 3, 2013. Weber Marine removed the action to this Court on March 5, 2014, arguing that general maritime law provided a basis for removal. The case was allotted to this section as Civil Action 14-490.

On May 22, 2014, this Court granted Perrier's motion to remand the case to state court. In its ruling the Court noted that the petition joined two separate and unrelated claims against two different defendants, and that doing so might have been an improper cumulation of actions under state law. (CA14-490; Rec. Doc.13 at 3). The Court therefore analyzed the removability *vel non* of the November 11, 2012 and January 3, 2013 claims

1

independently of each other. The Court held that the general maritime law claim against Weber Marine for the November 11, 2012 incident was not removable because original jurisdiction under maritime law does not provide a basis for removal. (*Id.* at 6). The Court also held that the separate and unrelated claim against Cooper for the January 3, 2013 incident was not removable because Jones Act claims are not removable to federal court. (*Id.* at 3). Cooper's contention in its endeavor to keep the claim in federal court was that Perrier was not a Jones Act seaman but the Court rejected that contention. The Clerk terminated Civil Action 14-490 upon docketing this Court's ruling granting the motion to remand.

On July 18, 2014, Weber Marine filed a limitation complaint in this district as owner and operator of the M/V MISS RACHEL, which is the vessel that was involved in the November 11, 2012 incident. That complaint was allotted randomly to Section N as Civil Action 14-1656—the instant case. The Court's order of August 6, 2014, directed all persons asserting claims for any and all losses *resulting from or incidental to the occurrences and happenings recited in the limitation Complaint* to file their respective claims with the Clerk.[1] (Rec. Doc. 4, Order Directing Issuance of Restraining Order Against Prosecution of Claims). The order also enjoined further prosecution of any action or proceeding against the Complainant, *with respect to any claims for which the Complainant seeks exoneration or limitation, including any claim arising out of or connected with the November 11, 2012 incident described in the Complaint.* (*Id.*). Perrier and Cooper filed their respective answers/claims into the record. (Rec. Docs. 5 & 10). On May 14, 2015, Judge Engelhardt transferred the case to this Court after learning that the case was related to Civil Action 14-490, which had been pending in Section A before the Court remanded the claims.

---

[1] The Order was signed by the district judge in Section N to whom the case was assigned at the time.

Even though the limitation proceeding involves only the November 11, 2012 incident, and even though Cooper is not a defendant on that claim, Cooper filed a claim in this limitation proceeding because Cooper was Perrier's employer at the time of the November 11, 2012 incident, and presumably paid Perrier some measure of benefits as a result of the November 11, 2012 incident with Weber Marine's vessel. Even though Cooper specifically acknowledges that Perrier does not allege any negligence on behalf of Cooper in conjunction with the November 11, 2012 Weber Marine incident, (Rec. Doc. 13-1, Cooper Memorandum at 2),—in other words that Perrier has not asserted a Jones Act claim or any claim for that matter against Cooper *in conjunction with the November 11, 2012 incident that forms the basis of Weber Marine's limitation complaint*—Cooper's answer is devoted in large part to asserting defenses to Perrier's Jones Act claim arising out of the January 3, 2013 incident. In fact, the Court notes that Cooper's answer first pleads defenses wholly unrelated to Weber Marine's limitation complaint and solely related to the separate Jones Act claim against Cooper for the January 3, 2013 incident. These defenses are the same ones asserted in the answer that Cooper filed in Civil Action 14-490 before the Court remanded the case.

Cooper's motion for partial summary judgment is directed solely at the issue of seaman status. But seaman status is relevant only to Perrier's Jones Act claim <u>which is not pending before this Court</u> because the Court remanded the petition in 14-490, which included the Jones Act claim arising out of the January 3, 2013 incident. The status of the remanded Jones Act claim in state court was not affected by Weber Marine's limitation complaint in this Court because the limitation complaint pertains solely to the November 11, 2012 incident. A limitation complaint is not the functional equivalent of a removal from state court—hence, the need for the mandatory injunction and monition that accompany every limitation complaint—so the fact that the unrelated Jones Act claim was included in

3

the same petition is of no moment.[2] The injunction and monition specifically target claims related to the November 21, 2012 incident. Therefore, Cooper's claim against Weber for contribution and indemnity related to the November 21, 2012 incident is unarguably a claim that is appropriate in this limitation action. But Weber Marine's limitation action does not provide a vehicle for Cooper to litigate a separate and unrelated claim between itself and another limitation claimant simply because Cooper would prefer a federal forum.[3]

In its endeavor to have this Court try the Jones Act claim arising out of the January 3, 2013 incident, Cooper argues that the Jones Act claim is actually related to the November 11, 2012 Weber Marine incident because Cooper intends to defend the claim by arguing that all of Perrier's injuries were actually sustained in the Weber Marine incident. This tortuous argument lacks legal merit. Recovery under the Jones Act depends on the plaintiff's ability to prove that his employer's negligence was the cause of his injury. Cooper will presumably try to tip the scales in its favor by suggesting that Perrier's injuries pre-dated the January 3, 2013 incident. Obviously, if Perrier prevails on the causation issue notwithstanding Cooper's evidence to the contrary then Cooper has no claim against Weber Marine for indemnity or contribution. But even if Cooper did have such a claim it would not be cognizable in this litigation proceeding. Cooper cannot so easily thwart the choice of forum that the law so

---

[2] In fact, the injunction and monition are issued in conjunction with a limitation proceeding precisely because the claim against the vessel owner is not actually "removed" to federal court. If a limitation complaint effected a removal then the injunction would be unnecessary.

[3] Cooper cites *Odeco Oil and Gas Co. v. Bonnette*, 74 F.3d 671 (5th Cir. 1996), in support of its contention that the Jones Act claim is properly part of this limitation proceeding. *Odeco* merely supports the proposition that Cooper's claim for indemnity and contribution arising out of the November 11, 2012 incident is a cognizable claim in the Weber Marine's limitation action for the protection of Weber Marine, the vessel owner. But this proposition is not in dispute. *Odeco* provides no support whatsoever for Cooper's ill-conceived attempt to litigate an unrelated claim in this limitation proceeding. The decision therefore lends nothing to Cooper's opposition to the Perrier's motion to dismiss.

solicitously reserves to one in Perrier's position.

In sum, Cooper's attempt to insinuate Perrier's Jones Act claim for the unrelated January 3, 2013 incident into this litigation via its answer to Weber Marine's limitation complaint must fail. Perrier's motion to dismiss will be granted insofar as the Court will dismiss the motion for summary judgment as being irrelevant to this proceeding. The Court need not grant the motion to dismiss in any broader respect because it is unnecessary to purport to dismiss a Jones Act claim that has not been pending in this Court since the remand order in Civil Action 14-490.[4]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 23)** filed by Paul Perrier, Sr., et al., is **GRANTED**. The **Motion for Partial Summary Judgment (Rec. Doc. 13)** filed by Cooper/T. Smith Stevedoring Co. is **DISMISSED** as being irrelevant to this proceeding.

July 14, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[4] The Court reminds counsel that Rule 11 requires an inquiry into whether the claims, defenses, and legal contentions made in its pleadings and motions are warranted by existing law or by a non-frivolous argument for extending the law. Fed. R. Civ. Pro. 11(b)(2).