UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE WEBER MARINE, LLC  CIVIL ACTION

NO: 14-1656

SECTION: "A" (4)

**ORDER AND REASONS**

Before the Court is a **Motion to Enter Stipulation and to Lift Injunction and Stay of Proceedings (Rec. Doc. 61)** filed by Paul Perrier, Sr., et al. Petitioner-in-limitation Weber Marine, LLC opposes the motion. The motion, noticed for submission on January 27, 2016, is before the Court on the briefs without oral argument.

On February 5, 2014, the Perrier plaintiffs (collectively "Perrier") filed suit in state court (23rd JDC, St. James Parish) to recover for injuries that Paul Perrier, Sr. allegedly sustained when he fell from a crew boat owned and operated by Weber Marine. That incident involving Weber Marine's vessel is alleged to have occurred on November 11, 2012.

On July 18, 2014, Weber Marine filed a limitation complaint in this district as owner and operator of the M/V MISS RACHEL, which is the vessel that was involved in the November 11, 2012 incident. The Court's order of August 6, 2014, directed all persons asserting claims for any and all losses resulting from or incidental to the occurrences and happenings recited in the limitation Complaint to file their respective claims with the Clerk. (Rec. Doc. 4, Order Directing Issuance of Restraining Order

Against Prosecution of Claims). The order also enjoined further prosecution of any action or proceeding against the Complainant, with respect to any claims for which the Complainant seeks exoneration or limitation, including any claim arising out of or connected with the November 11, 2012 incident described in the Complaint. (*Id.*). Perrier, Cooper, and American Longshore Mutual Association, Ltd. filed their respective answers/claims into the record. (Rec. Docs. 5, 10, and 9). A bench trial is scheduled to commence on May 2, 2016. (Rec. Doc. 58).

Perrier now unilaterally seeks to enter a stipulation as to Weber Marine's rights under the Limitation Act so that Perrier can pursue his claims against Weber Marine in state court. According to Perrier, he should be considered the sole claimant in this case because the claims asserted by Cooper and American Longshore are derivative of his claims.

The sole issue presented by Perrier's motion is whether this case presents a sole claimant situation or a multiple claimant situation. In a multiple claimant situation all claimants must enter into an appropriate stipulation to protect the vessel owner's rights under the Limitation Act.[1] *Odeco Oil & Gas Co., v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996) (citing *Texaco, Inc. v. Williams*, 47 F.3d 765, 768 (5th Cir. 1995)). Thus, if this case involves multiple claimants then Perrier's request to proceed in state court must be denied because Cooper and American Longshore have declined to enter into a stipulation.

---

[1] Perrier concedes that his claim alone exceeds the value of Weber Marine's vessel. (Rec. Doc. 61-4 at 6).

The Court agrees with Weber Marine's contention that *Odeco Oil, supra*, controls. In *Odeco Oil*, the Fifth Circuit clarified that parties seeking indemnification and contribution from a vessel owner are considered claimants under the Limitation Act. 74 F.3d at 675. In this case, Cooper's and American Longshore's claims are not mere subrogation claims that derive solely from Perrier's tort recovery. Cooper had contracted with Weber Marine for vessel services and the contract allegedly contained indemnification language in Cooper's favor that both Cooper and American Longshore are attempting to enforce against Weber Marine. (Rec. Doc. 9 ¶¶ 12-18; Rec. Doc. 10 ¶¶ 11-17). Thus, Cooper and American Longshore's claims are not solely derivative of Perrier's claims, and this case *does* present a multiple claimant situation. Because all claimants have not entered into a stipulation to protect Weber Marine's rights under the Limitation Act, Perrier's motion must be DENIED.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that **Motion to Enter Stipulation and to Lift Injunction and Stay of Proceedings (Rec. Doc. 61)** filed by Paul Perrier, Sr. is **DENIED**.

February 22, 2016

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE