UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE WEBER MARINE, LLC

CIVIL ACTION

NO: 14-1656

SECTION: "A" (4)

## ORDER AND REASONS

The following motions are before the Court: **Motion for Partial Summary Judgment (Rec. Doc. 79)** filed by American Longshore Mutual Association, Ltd. ("ALMA"); **Motion for Partial Summary Judgment (Rec. Doc. 80)** filed by Petitioner-in-limitation Weber Marine, LLC ("Weber Marine" or "Weber"). Both motions are opposed. The motions, noticed for submission on March 9, 2016, are before the Court on the briefs without oral argument.[1]

On February 5, 2014, the Perrier plaintiffs (collectively "Perrier") filed suit in state court (23rd JDC, St. James Parish) to recover for injuries that Paul Perrier, Sr. allegedly sustained when he fell from a crew boat owned and operated by Weber Marine. Cooper was Perrier's employer at the time of the accident, and ALMA was Cooper's LHWCA carrier. Weber and Cooper were parties to a time charter agreement. The incident involving Weber Marine's vessel that forms the basis of the claims in this Court is alleged to have occurred on November 11, 2012.

---

[1] Weber Marine has requested oral argument but the Court is not persuaded that it would be helpful in light of the issues presented.

On July 18, 2014, Weber Marine filed a limitation complaint in this district as owner and operator of the M/V MISS RACHEL, which is the vessel that was involved in the November 11, 2012 incident. Perrier, Cooper, and ALMA filed their respective answers/claims into the record. (Rec. Docs. 5, 10, and 9).

The pretrial conference is scheduled for April 7, 2016. A bench trial is scheduled to commence on May 2, 2016. (Rec. Doc. 58).

Via the instant motions Weber and ALMA move in cross fashion for a determination of whether the time charter's indemnity provisions compel Weber to indemnify ALMA for Cooper's injuries resulting from an incident that occurred <u>after</u> the incident at issue in this case on <u>January 3, 2013</u>.[2]  Perrier has always maintained that he was involved in two incidents—one on November 11, 2012 involving Weber's vessel, and a second incident a short time later on January 3, 2013, which did not involve Weber's vessel.[3]  ALMA contends that Weber should reimburse ALMA for all of the benefits that it paid on Perrier's behalf without regard to which accident necessitated the payments because according to ALMA, it is clear that Perrier's condition following the

---

[2] ALMA's motion for summary judgment applies to both the November 11, 2012 incident and the January 3, 2012 incident although its analysis does not differentiate between the two incidents. The Court will treat ALMA's motion as one targeting the January 3rd incident. Weber believes that it has a defense to ALMA's indemnity claim for the November 11, 2012 incident. (Rec. Doc. 80-1, Weber Marine Memo in Support at 10 n.2). Therefore, the parties should not construe the Court's ruling today as a rejection of ALMA's claim for indemnity from Weber Marine for the November 11, 2012 incident.

[3] By way of background, Perrier filed a single lawsuit in state court that included both the November 11, 2012 and January 3, 2013 incidents. Weber Marine removed the action but the Court remanded it because of Perrier's Jones Act claim against Cooper. (Civil Action 14-490, Rec. Doc. 13, Order and Reasons of 5/21/14 remanding to state court). Weber subsequently filed the instant limitation action pertaining to the November 11, 2012 incident.

November 11, 2012, contributed to his accident on January 3, 2013.

The Court finds ALMA's position to be an unpersuasive one and the terms of the charter party cannot be distorted enough to support it. Even if financial necessity did in fact force the injured Perrier to return to work following the November 11, 2012 incident, Weber is not responsible for whatever negligence other parties allegedly committed subsequent to Weber's involvement to injure Perrier beyond his pre-existing injuries, if any.[4] The Court is aware of no aspect of maritime law that contradicts the well-settled principles regarding aggravation of pre-existing injuries, *i.e.*, the defendant takes the injured plaintiff as he finds him. ALMA's motion for summary judgment is therefore DENIED regarding the January 3, 2013 incident. Weber Marine's motion for summary judgment as to the January 3, 2013 incident is GRANTED.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 79)** filed by American Longshore Mutual Association, Ltd is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 80)** filed by Petitioner-in-limitation Weber Marine, LLC is **GRANTED**.

March 28, 2016

                                              JAY C. ZAINEY
                                  UNITED STATES DISTRICT JUDGE

---

[4] The Court finds ALMA's arguments to be somewhat self-defeating. If Perrier was as injured after the November 2012 incident as ALMA now contends that he was, yet forced to return to work in a partially disabled condition due to financial duress, it makes one wonder if Perrier had received all of the benefits to which he was entitled.